UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHEILA L. WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:17-cv-128 ) |
| JACOB TOVO and HASMUKH PATEL, | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Compel Expert Disclosures [DE 17] filed by the defendant, Jacob Tovo, on January 30, 2018, and the Motion to Strike [DE 21] filed by the plaintiff, Sheila Washington, on February 7, 2018. For the following reasons, the Motion to Compel Expert Disclosures [DE 17] is **GRANTED,** and the Motion to Strike [DE 21] is **DENIED.**

*Background*

Sheila Washington initiated this matter on March 22, 2017. She has alleged that she suffered injuries from a car accident that occurred on April 10, 2015. Washington has claimed that the defendants, Jacob Tovo and Hasmukh Patel, were at fault for causing the accident.

The court held a Rule 16 Preliminary Pretrial Conference on May 5, 2017. At the conference, the court set October 30, 2017 as the deadline for Washington to produce expert witness disclosures and reports to the defendants. Tovo has indicated that Washington produced her expert disclosures, however, the disclosures did not comply with Federal Rule of Civil Procedure 26. On November 17, 2017, Washington requested leave to supplement her Rule 26(a)(2) disclosures, which the court granted. Washington provided Tovo her supplemental disclosures on December 27, 2017. Tovo has argued that the supplemental disclosures are not

rule-compliant. Therefore, he has filed the motion to compel requesting that Washington be ordered to produce complete and thorough Rule 26 reports.

Washington filed a Motion to Strike [DE 21] on February 7, 2017. Washington has argued that the Motion to Compel [DE 17] does not contain a separate supporting brief and that at no time prior to the filing of the motion did the parties meet and confer regarding the dispute over the Rule 26 disclosures. Tovo did not file a Local Rule 37-1 certification along with the motion.

*Discussion*

"A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." **N.D. Ind. L.R. 37-1(a)**. The certification must include the date, time, and place of any conference or attempted conference and the names of any participating parties. **N.D. Ind. L.R. 37-1(a)(1) and (2)**. The court may deny any motion that failed to include the required certification. **N.D. Ind. L.R. 37-1(b)**.

Washington has argued that the motion to compel should be stricken, denied, or not ruled on because Tovo has not followed the prerequisites for filing the motion. However, Tovo contends that he took necessary steps to resolve the dispute. First, after receiving Washington's first disclosures Tovo wrote Washington a letter that addressed the disclosures compliance with Rule 26. The letter included citations to two Northern District of Indiana cases that outlined the proper Rule 26(a)(2) disclosures requirements. Next, Tovo has indicated that after receiving Washington's supplemental disclosures he sent a letter, along with the motion to compel and a request for rule compliant disclosures to Washington. Tovo has indicated that he never received a response.

Washington has argued that the parties did not met in-person to discuss the expert witness disclosures. However, the Federal rules and Local rules are silent on in-person meetings. Moreover, Washington has argued that Tovo failed to comply with **N.D. of Ind. L.R. 7-1(b)(2),** which provides that parties must file a supporting brief with any motion under Federal Rule of Civil Procedure 37.

Although Washington's motion has merit, the court will address the underlying issues because striking Tovo's motion pursuant to Local Rules 37-1 and 7-1(b)(2) will simply delay the resolution of this dispute. *See* **Felling v. Knight**, 2001 WL 1782361, at *1 (S.D. Ind. Dec. 21, 2001) ("[T]he briefs leave little doubt that the parties will not reach mutual agreement on the issues raised. Therefore, the court will address the underlying issues rather than deny the motion solely on the basis of a procedural shortcoming. To hold otherwise would do little other than delay resolution of these issues . . . ."). Courts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-1. **Sowell v. Dominguez,** 2011 WL 4496505, at *3 (N.D. Ind. 2011); *see* **Lucas v. GC Servs. L.P.**, 226 F.R.D. 328, 335 (N.D. Ind. 2004) (finding the plaintiffs' lack of compliance not fatal when the motion reflected an effort to confer with the defendants). The communication described by Tovo somewhat complies with the purpose of Rule 37-1. Therefore, the court will not strike the motion for its procedurals shortcomings. The Motion to Strike [DE 21] is **DENIED.**

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that

bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see Adams v. Target*, 2001 WL 987853, at *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle*, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague,

ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted); *see Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

Tovo has requested that the court compel Washington to produce complete Rule 26 reports. **Federal Rule of Civil Procedure 26(a)(2)** governs expert reports and states in relevant part:

> (B) *Written Report.* Unless otherwise stipulated or ordered by the court, [expert disclosures] must be accompanied by a written report— prepared and signed by the witness— if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.
>
> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> >
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.

"All witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)" while "only those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (citing *Musser*, 356 F.3d at 756-57); **Federal Rule of Civil Procedure 26(a)(2)(B)**. The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony, so the opposing party may form an appropriate response. *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010); *Musser v. Gentiva Health Services*, 356 F.3d 751, 757-58 (7th Cir. 2004)

A treating physician is an expert witness when he testifies about opinions formed during or after treatment of the patient. *Musser*, 356 F.3d 751, 757; *Meyers,* 619 F.3d at 734-35. This is because such opinions are based on scientific, technical, or other specialized knowledge. *Musser*, 356 F.3d 751, 757. However, not every treating physician is required to provide an expert report. **Rule 26(a)(2)(B)-(C)**; *Musser*, 356 F.3d at 758 ("We need not reach the disputed issue of whether an individual who serves in the capacity of "treating physician" (or any analogous position) may nonetheless be required to submit a report under Rule 26(a)(2)(B)."). Whether an expert report is necessary is dictated by the nature of the treating physician's intended testimony. *Musser*, 356 F.3d at 758.

The court first must determine whether any of the physicians and physical therapists disclosed by Washington constitute experts retained or specially employed to testify in this case that would require a written expert report under Rule 26(a)(2)(B). It is generally agreed that a treating physician who testifies about his observations during treatment is not required to file an expert report. *See, e.g.*, *Zarecki v. Nat'l R.R. Passenger Corp.*, 914 F.Supp. 1566, 1573 (N.D. Ill. 1996); *Krischel V. Hennessy*, 533 F.Supp.2d 790, 795 (N.D. Ill. 2008) ("When a treating

physician limits his testimony to his observation, diagnosis and treatment, there is no need for a Rule 26(a)(2)(B) report."). However, the issue becomes more convoluted where the treating physician intends to introduce evidence concerning the cause of the plaintiff's injuries. *Krischel*, 553 F.Supp.2d at 796; *Meyers,* 619 F.3d at 734-35.

In *Meyers*, the court explained that a treating physician may be required to submit an expert report when his testimony exceeds the scope of his observations during treatment. *Meyers*, 619 F.3d at 734-35. Physicians who intend to offer testimony regarding causation of the plaintiff's injuries often go beyond the scope of treatment, requiring the physician to submit a complete expert report. *Meyers*, 619 F.3d at 734-35. The *Meyers* court explained that the determining factor is whether the physician determined the cause of the individual's injuries during or after treatment. *Meyers*, 619 F.3d at 734-35 ("[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2).").

However, after *Meyers* was decided Rule 26 was amended, effective December 2010, to resolve the tension that led some courts to require expert reports of non-retained experts. The amendments did not alter who was required to file an expert report under the rule, and still explains that an expert "retained or specially employed" must submit a complete expert report. However, subpart C was added, mandating summary disclosures, in place of complete expert reports, of the opinions to be offered by expert witnesses who were not retained or specially employed to give expert testimony. **Federal Rule of Civil Procedure 26(a)(2)(C).** The committee notes explain that common examples of experts required to submit summary

disclosures include physicians or other health care professionals. **Rule 26(a)(2)(C)** (Committee Notes, 2010 amendments). The amendment attempts to clarify the distinction between an expert retained for the purpose of providing expert testimony and non-retained experts. *See* **Rule 26** (Committee Notes, 2010 amendments) (stating that non-retained witnesses must provide "a summary of the facts and opinions to which the witness is expected to testify."); *Crabbs v. Wal-Mart Stores, Inc*., 2011 WL 499141, *1 (S.D. Ind. 2011) (explaining amendments to Rule 26 to determine if treating physician must provide an expert report).

Tovo has argued that Washington's disclosures were not prepared and signed by the expert witnesses. However, throughout his reply Tovo presented arguments based on Rule 26(a)(2)(C). Nothing in Rule 26(a)(2)(C) mandates that non-retained experts prepare and sign the summary of facts and opinions required in subsection (ii). *Guthrie v. Hochstetler,* 2018 WL 672151, at *2 (N.D. Ind. 2018). Only a "retained or specially employed" expert witness must disclose a written report that is prepared and signed by the witness. **Rule 26(a)(2)(B).** Moreover, Washington's supplemental disclosures indicated that the disclosed experts were treating providers who will testify as to opinions that were formed during the course of their treatment of Washington. Accordingly, the court at this time will assume that the disclosed experts are not retained or specially employed experts that require written reports.

The court finds and Tovo does not dispute that the subject notations contained in Washington's disclosures satisfy the Rule 26(a)(2)(C)(i) requirement. However, Tovo contends that Washington's disclosures fail to summarize the facts and opinions that the physicians expect to testify about. Therefore, if a witness is not required to provide a written report, the party's disclosure must state the subject matter of the witness's expected testimony and a summary of the facts and opinions the witness is expected to testify. **Rule 26(a)(2)(C).** Federal Rule of Civil

8

Procedure 26(a)(2)(C)(ii) summaries are to clarify a witness's "expected testimony ... and the bases for the conclusions." *Ballinger v. Casey's Gen. Store,* No. 1:10-cv-1439-JMS-TAB, 2012 WL 1099823, at *5 (S.D. Ind. Mar. 29, 2012). The court has considered that the Advisory Committee cautions that the requirements of Rule 26(a)(2)(C) are "considerably less extensive" than Rule 26(a)(2)(B), and that "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." **Rule 26(a)** (Committee Notes, 2010 amendments). On the other hand, to guard against the prejudice of unfair surprise on opposing parties, and for Rule 26(a)(2)(C) to have any meaning, summary disclosures must contain more than mere passing reference to the care a treating physician provided. *See* *Hayes v. American Credit Acceptance, LLC,* No. 13–2413–RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014) ("At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert.").

Washington's disclosures state that the anticipated opinions and facts were based on the history Washington provided and the available information in her medical chart; the experience, education, and expertise of the treating provider; and the examination and testing of Washington. Also, the disclosures indicate that the physicians will testify consistently with the medical records including those in their charts. However, pointing to medical records alone does not satisfy the Rule 26(a)(2)(C)(ii) summary requirement. *Brunswick v. Menard, Inc.*, No. 2:11 CV 247, 2013 WL 5291965, at *5 (N.D. Ind. Sept. 19, 2013). For example, in *Kazmierski v. Bonafide Safe & Lock, Inc.,* 2015 WL 10070324, at *2 (E.D. Wis. 2015), the court indicated that a true summary of a treating physician's expected testimony would look something like this:

9

> "The witness is expected to opine that the plaintiff is unable to lift more than 50 pounds and will remain unable to do so for the indefinite future. This opinion is based on the following facts: the witness diagnosed the plaintiff with three herniated discs in his back, he observed during office visits that the plaintiff is experiencing symptoms that prevent him from lifting more than 50 pounds, and he observed during office visits that the plaintiff's condition is not improving."

Washington has provided short summaries of the witness's expected testimony, but she has failed to provide the facts that those opinions are based upon. The court finds that Washington must supplement her Rule 26(a)(2)(C) disclosures. Tovo has not presented any argument that he has been prejudiced. Therefore, the deficiencies in Washington's disclosures do not warrant the sanction of exclusion.

Based on the foregoing reasons, the Motion to Compel Expert Disclosures [DE 17] is **GRANTED,** and the Motion to Strike [DE 21] is **DENIED.** The plaintiff, Sheila Washington, has 14 days from the date of this Order to supplement her Federal Rule of Civil Procedure 26(a)(2)(C) disclosures.

ENTERED this 9th day of May, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge